UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                Case Nos.    3:10cr103/MCR/CJK
                                                               3:16cv315/MCR/CJK
KENNETH EUGENE HAYNES
_____/

REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  (ECF No. 41).  The Government has filed a response (ECF No. 47) and Defendant has filed a reply. (ECF No. 48).  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied.  *See* Rules Governing Section 2255 Cases 8(a) and (b).

Case Nos.: 3:10cr103/MCR/CJK; 3:16cv315/MCR/CJK

## BACKGROUND and ANALYSIS

Defendant pleaded guilty to using a computer to knowingly persuade, induce, entice or coerce a minor to engage in unlawful sexual activity (or attempt to do so) in violation of 18 U.S.C. § 2422(b) ("Count One") and traveling in interstate commerce with the intent to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b) ("Count Two").  (ECF Nos. 11, 23-25, 44).  The court sentenced him to the statutory mandatory minimum term of imprisonment on Count One and a mid-guidelines range concurrent term of 78 months imprisonment on Count Two.  (ECF Nos. 34, 35, 45).  Defendant did not appeal, and he now seeks sentencing relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015).

Pursuant to the Armed Career Criminal Act, ("ACCA"), a person who has three previous convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen-year sentence.  18 U.S.C. § 924(e)(1).  In *Johnson*, the Supreme Court held that the so called "residual clause" of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague.  *Johnson*, 135 S. Ct. at 2563.  The Supreme Court has also granted certiorari to consider the application of *Johnson* to § 4B1.2 of the Sentencing Guidelines, which the Sentencing

Commission has since amended. *See Beckles v. United States*, 136 S. Ct. 2510 (2016).

The PSR reflects Defendant had no prior criminal history, and he did not receive a sentence enhancement under either the ACCA or the Career Offender Guideline. (ECF No. 29). Thus, *Johnson* had no direct effect on his sentence.

Furthermore, even if, as Defendant's argues, *Johnson* invalidated the definition of "crime of violence" in Title 18 U.S.C. §§ 3156 and 16(b), he is not entitled to relief. Neither of these definitional statutes had any relevance to the proceedings in this case, or to Defendant's statutory mandatory minimum sentence. Title 18 U.S.C. § 3156 defines terms used in Title 18 U.S.C. sections 3141 through 3150, which govern release and detention pending judicial proceedings. Title 18 U.S.C. § 16 offers a general definition of the term "crime of violence," and has no bearing upon Defendant's charges and conviction. Defendant's motion is without merit, and it should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that A[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant, and if a certificate is issued "the court must state

the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully RECOMMENDED:

1. The amended motion to vacate, set aside, or correct sentence (ECF No. 41) be DENIED.

2. A certificate of appealability be DENIED.

Case Nos.: 3:10cr103/MCR/CJK; 3:16cv315/MCR/CJK

At Pensacola, Florida, this 9th day of September, 2016.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 3:10cr103/MCR/CJK; 3:16cv315/MCR/CJK